UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VIDA DIVINA, LLC,

                                    Plaintiff(s),

        v.

T1 PAYMENTS, LLC,

                                    Defendant(s).

Case No.2:21-CV-1005  JCM (NJK)

ORDER

On October 3, 2025, the court granted Aaron D. Shipley's motion to withdraw, (ECF No. 35) which left defendant/counter-claimant T1 Payments, LLC without representation. The court informed T1 Payments that it must be represented by counsel and instructed it to retain counsel and appear no later than November 4, 2025. (*Id.*). T1 Payments has not complied with the court's order and remains unrepresented.

The court has broad discretion to manage its docket and ensure judicial economy. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 ("The district court is given broad discretion in supervising the pretrial phase of litigation[.]" (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting that district courts have inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Business entities cannot proceed pro se in federal court and must retain licensed counsel during the pendency of the litigation. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993). When a corporation's counsel withdraws, it must seek new counsel. *See id.* If the corporation fails to do so, default judgment is "perfectly appropriate." *United States v. High County Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). The corporate defendants in this case remain unrepresented in violation of the court's order.

T1 Payments was on notice by the court of the requirement to obtain new licensed counsel. (*See* ECF No. 35). Further, the court ordered T1 Payments to show cause as to why the court should not enter default for failing to comply with the previous order. (*See* ECF No. 36). T1 Payments did not retain counsel and did not file anything in response to this court's show cause order.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the clerk of court is to enter default judgment against T1 Payments, LLC for failure to comply with the court's orders.

DATED March 30, 2026.

_____
UNITED STATES DISTRICT JUDGE

- 2 -